IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PEHR J. KOMSTADIUS,  )
 )
    Plaintiff,  )
 )
v.  )    CASE NO. CV415-320
 )
UNITEDHEALTH GROUP, INC.;  )
FIDELITY STOCK PLAN SERVICES,  )
LLC; and FIDELITY BROKERAGE  )
SERVICES, LLC;  )
 )
    Defendants.  )
 )

## O R D E R

Before the Court is Plaintiff's Motion to Remand and for Payment of Costs. (Doc. 7.) For the following reasons Plaintiff's motion is **DENIED**. Defendants are **DIRECTED** to file an amended notice of removal within fourteen days from the date of this order.

## BACKGROUND

This case has already had one go at federal court. On September 1, 2015, Plaintiff filed a complaint seeking declaratory relief claiming that Defendants improperly refused to deliver to Plaintiff certain shares of common stock. (CV415-241, Doc. 1.) Plaintiff initially alleged jurisdiction based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (CV415-241, Doc. 1.) However, on September 18, 2015, Plaintiff sua sponte amended his complaint to allege jurisdiction based solely upon diversity. On

October 5, 2015, the Court ordered Plaintiff to file a second amended complaint to address a pleading error: Plaintiff had failed to properly allege the citizenship of Defendants Fidelity Stock Plan Services, LLC ("FSP") and Fidelity Brokerage Services, LLC. (CV415-241, Doc. 20.) At that time, the Court noted that "the general allegation that no member of Defendant LLCs is a Georgia citizen is insufficient for Plaintiff to carry his burden of establishing complete diversity between the parties." (Id. at 3.)

Plaintiff filed a recast second amended complaint on October 19, 2015, stating that the sole member of Defendant Fidelity Brokerage Services, LLC was Fidelity Global Brokerage, Inc., a corporation organized under the laws of Massachusetts with its principle place of business in Boston. (CV415-241, Doc. 24 at 2.) However, Plaintiff was not so lucky with Defendant FSP. Plaintiff could determine only that the sole member of Defendant FSP was FMR, LLC. (Id. at 1.) Plaintiff was not able to provide the citizenship of the members of FMR. On November 2, 2015, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (CV415-241, Doc. 25.) Plaintiff notes that he had requested that Defendants provide the citizenships of the members of FMR, but that Defendants refused to provide that information. (Doc. 7 at 3-4.)

Plaintiff refiled this case on November 19, 2015 in the Superior Court of Chatham County. (Doc. 1.) Defendants removed the case to this Court based on 28 U.S.C. § 1332. (Doc. 1.) In the notice of removal however, Defendants provided the same information in Plaintiff's recast second amended complaint. Specifically, Defendants noted that the sole member of Defendant FSP was FMR, but did not provide the citizenship of FMR's members. In an apparent attempt to head-off the Court's jurisdiction inquiry, Defendants alleged that they were not required to provide the citizenship of the members of FMR because FMR was "treated as an S Corporation under Delaware and Massachusetts state law." (Doc. 1 at 3.) Plaintiff filed a Motion to Remand and for Payment of Costs (Doc. 7), challenging Defendants' jurisdictional claims. Specifically, Plaintiff argued that Defendants failed to provide the citizenship of Defendant FSP making it impossible to determine whether this Court has jurisdiction under 28 U.S.C. § 1332. (Id.) Plaintiff requests that this case be remanded to state court and for fees associated with the filing of the instant case and motion. (Id.)

**ANALYSIS**

I.  MOTION TO REMAND

Generally, federal courts are courts of limited jurisdiction: they may only adjudicate cases over which they have been granted jurisdiction by the Constitution or Congress.

3

See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Specifically, federal district courts have jurisdiction over two types of civil actions: (1) those that involve a federal question, meaning the claim arises under the Constitution, laws, or treaties of the United States; and (2) those that invoke the court's diversity jurisdiction, meaning they involve an amount in controversy in excess of $75,000 and are "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). In cases removed to federal court based on diversity jurisdiction, removal is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005).

The defendant, as the removing party, normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is improper, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

4

For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Furthermore, the general allegation that no member of a LLC is a Georgia citizen is insufficient for Defendants to carry their burden of establishing complete diversity between the parties. Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

In this case, the notice does not include a list of the individual members, along with their citizenships, of FMR—the single member of Defendant FSP. As a result, it does not meet the requirements for properly pleading diversity jurisdiction in this circuit. However, Defendants proffer two arguments that they claim allow this case to proceed in federal court in the absence of the citizenships of FMR's members. First, Defendants argue that FMR is treated as an S-corporation under Delaware and

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Massachusetts law. (Doc. 14 at 4.) Defendants contend that this treatment means that FMR is also treated as a corporation, not a LLC, for purposes of establishing diversity jurisdiction. (Id.) Second, Defendants argue that they have provided sufficient grounds to establish complete diversity in the form of a declaration stating that no member of FMR is a citizen of Georgia. (Id. at 6.)

The fact that FMR is an S-corporation for purposes of tax law in Massachusetts and Delaware does not relieve Defendants of their obligation to provide the names and citizenships of FMR's members. Defendants rely on two cases, Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F. Supp. 1529 (N.D. Ga. 1991) and Royal v. NY Life Ins. Co., 2015 WL 339781 (S.D. Ga. Jan 26, 2015), to support their argument. However, those cases are readily distinguishable. The decision in Barnett was based on the determination that "mutual insurance companies that are incorporated under state law are treated as corporations under 28 U.S.C. § 1332." 773 F. Supp. at 1531 (citing Mut. Ser. Cas. Ins. Co., 859 F.2d 548, 551 (7th Cir. 1988)). Building on this statement, Royal noted that "[u]nder both Massachusetts law and New York law, unincorporated and incorporated insurance entities are subject to the same regulations." 2015 WL 339781 at *4.

However, FMR is not the same type of entity contemplated by Barnett and Royal. First, Defendants have provided no evidence

that FMR is an insurance company incorporated under state law. Second, Defendants have provided no evidence that FMR is either treated or regulated as a corporation under state law except in regards to its tax status. Specifically, FMR is registered as a LLC in Delaware and as a foreign LLC in Massachusetts. (Doc. 17 at 11.) According to Delaware law, a LLC is taxed as a partnership unless it is classified otherwise for federal income tax purposes. Del. Code. Ann. tit. 6, § 18-1107(a). In that circumstance, Delaware taxes a LLC according to its federally elected tax status. Id. The same is true in Massachusetts. (Doc. 17 at 3.) However, LLCs in these states are not regulated as corporations by virtue of this elected tax status. For example, a brief review of the law in Massachusetts and Delaware indicates that LLCs are subject to different code provisions than corporations.[2] This is distinctly different from the insurance companies described in Barnett and Royal, which were incorporated, treated, and regulated as corporations for purposes of state law in addition to whatever tax status they may have elected. Therefore, this Court concludes that FMR's elected tax status does not relieve Defendants of the obligation to provide the citizenship of each of FMR's members.

---

[2] LLCs in Delaware and Massachusetts are subject to those states' respective Limited Liability Company Acts. See Del. Code Ann. tit. 6, § 18; Mass. Gen. Laws, ch. 156C.

7

Defendants also argue that the Supreme Court of the United States' decision in Dart Cherokee Basin Operating Co., LLC. v. Owens, requires this Court to assume relaxed pleading standards for LLCs in diversity cases. ___ U.S. ___, 135 S. Ct. 547 (2014). Specifically, Defendants allege that diversity may be established in this case by an affidavit noting that no member of FMR is a Georgia citizen. (Doc. 14 at 4.) Dart Cherokee addressed whether defendants removing cases under the Class Action Fairness Act ("CAFA") needed specific evidence of the amount in controversy to establish jurisdiction. In that case, the Supreme Court concluded that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. at 554. However, the Court was quick to note that "[e]vidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation." Id.

Contrary to Defendants' statements, Dart Cherokee does not relax the pleading standards for LLCs in diversity cases. First, Dart Cherokee applied to the amount in controversy portion of the diversity determination while this case addresses the citizenship of the parties. Second, Dart Cherokee addressed diversity pleadings applicable to CAFA. These pleading requirements were already more relaxed than non-CAFA diversity

pleadings. See Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014) (recognizing that Dart Cherokee was based on legislative history including "a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant"). However, this case is not brought as a class action and CAFA is inapplicable. Moreover, this circuit does not consider affidavits with general allegations of citizenship to be sufficient to establish jurisdiction. Ray, 519 F.2d at 1082. Finally, Plaintiffs have challenged the removal of this case. As a result, Defendants' affidavit is not sufficient to establish diversity.

Accordingly, Defendants are **DIRECTED** to file an amended notice of removal within **fourteen days** from the date of this order. The amended notice must properly allege diversity in this case by including the names and citizenships of each member of Defendant LLCs, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case. Additionally, the Court will not accept any amended notice that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Plaintiff's amended notice should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.

II. REQUESTS FOR FEES AND EXPENSES

Plaintiff requests that this Court impose costs and fees upon Defendants pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The purpose of § 1447(c) is not to punish defendants for improper removal, but to compensate plaintiffs for expenses associated with obtaining a remand order. Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO & CLC, 900 F. Supp. 419, 422 (M.D. Fla. 1995). Thus, attorney's fees may be awarded even in the absence of a showing of bad faith. Id. at 421; see Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998) ("A finding of bad faith or improper purpose by the removing party is not necessary." (citing Miranti v. Lee, 3 F.3d 925, 929 (5th Cir. 1993); Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993); Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 448 (9th Cir. 1992); Morgan Guar. Trust Co. of NY v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992))).

An award of attorney's fees is solely in the discretion of the Court. Graham, 75 F. Supp. 2d at 1373; Gray v. N.Y. Life Ins. Co., 906 F. Supp. 628, 631 (N.D. Ala. 1995); see also Bauknight v. Monroe Cty., 446 F.3d 1327, 1329 (11th Cir. 2006)

10

(reviewing denial of costs and fees for abuse of discretion). Nevertheless, the exercise of the Court's discretion is not unfettered. In <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132 (2005), the Supreme Court recognized that § 1447(c) neither favors nor disfavors the award of fees. As the Supreme Court recognized, "[b]y enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." <u>Id.</u> at 711. At the same time, however,

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

<u>Id.</u> In view of these competing principles, the Supreme Court held that,

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

<u>Id.</u> (internal citations omitted).

11

Applying this standard, the Court believes that an award of reasonable attorney's fees and costs would be appropriate if this case were remanded. Defendants were aware that this Court would find federal jurisdiction lacking if the citizenships of Defendant FSP's members were not disclosed. Defendants cannot argue that they were unaware of this Court's rules for pleading diversity when a LLC is involved. Likewise, Defendants' attempt to rely on outdated and irrelevant case law does not result in an objectively reasonable basis for seeking removal. Nevertheless, Defendants removed this case back to federal court without providing the necessary information. However, because this Court is not remanding this case to state court, but rather granting Defendants an opportunity to re-plead, the Court will not assess fees at this time.

It was made extremely clear that the citizenship of FMR's members would be required in order to properly establish diversity jurisdiction. Defendants' continued failure to properly plead diversity between the parties has wasted the time of this Court, the Superior Court of Chatham County, and the time and money of the parties. Any further attempt to withhold the citizenships of Defendant FSP's members will be looked upon with extreme disfavor. Should Defendants continue in their refusal to provide the necessary citizenship information, the Court will schedule a hearing to determine an appropriate amount

of attorney's fees and costs to award Plaintiff and will remand this case.

## CONCLUSION

For the foregoing reasons Plaintiff's Motion to Remand and for Payment of Costs (Doc. 7) is **DENIED**. Defendants are **DIRECTED** to file an amended notice of removal within fourteen days from the date of this order.

SO ORDERED this 29th day of April 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA